IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–01887–REB–KMT

UNITED STATES OF AMERICA, *ex rel.* JAMES HERON,

    Plaintiff,

v.

AURORA LOAN SERVICES, LLC,
AURORA LOAN FSB,
AURORA COMMERCIAL CORPORATION AS SUCCESSOR ORGANIZATION TO AURORA BANK FSB,
JANE DOE,
JOHN DOE, and
DOE ENTITIES,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiff's failure to respond to the court's Order to Show Cause. (Doc. No. 24, entered September 26, 2014.)

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed his Complaint on July 16, 2013. (Doc. No. 1.) On March 24, 2014, the United States of America declined to intervene in this case. (Doc. No. 14.) On July 14, 2014,

this court ordered Plaintiff to file a status report advising how he wished to proceed and if the defendants had been served. (Doc. No. 18.) On July 14, 2014, Plaintiff filed a status report advising the defendants had not been served, that his counsel wished to withdraw, and that Plaintiff needed an additional sixty days to find new counsel and to file a report regarding service. (Doc. No. 19.) This court granted an extension to September 2, 2014, for Plaintiff to serve the defendants with summonses and the complaint. (Doc. No. 20.) On September 4, Plaintiff's counsel moved to withdraw (Doc. No. 21), and this court granted Plaintiff's counsel's motion on September 26, 2014 (Doc. No. 23). On September 26, 2014, this court entered an Order for the Plaintiff to show cause in writing, on or before October 10, 2014, why his claims and this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. Plaintiff has not responded to the Order to Show Cause.

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against an unserved defendant unless the plaintiff can show good cause for his failure to serve. *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992). In this case, fourteen months after Plaintiff filed his Complaint, and five months after the United States declined to intervene in this matter, there is no indication that any of the defendants has been served with the summonses and the complaint. Plaintiff has failed to provide good cause for his failure timely to serve the defendants. Therefore, the court respectfully

**RECOMMENDS** that Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 16th day of October, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge